ORDERED.

**Dated: July 20, 2018**

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No.: 3:17-bk-2185-JAF |
| ROBERT WILLIAM MONAHAN, JR. and HONEY CASSIE MONAHAN, | Chapter 13 |
| Debtors. _____/ | |
| ROBERT WILLIAM MONAHAN, JR. and HONEY CASSIE MONAHAN, | Adv. Pro. No.: 3:17-ap-155-JAF |
| Plaintiffs, v. | |
| FORE RIVER, LLC, | |
| Defendant. _____/ | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This proceeding came before the Court upon a Complaint seeking entry of a judgment determining that the claim held by Defendant is unsecured and any lien held by Defendant on

Plaintiffs' real property is void and extinguished upon entry of a discharge in Plaintiffs' Chapter 13 case under 11 U.S.C. § 506. The Court conducted a trial on May 30, 2018. Plaintiffs appeared at the trial along with their counsel. An attorney but no representative or witness appeared on behalf of Defendant. At trial, the Court indicated that it would enter a default based upon Defendant's failure to file an answer and directed Plaintiffs' counsel to submit a judgment to the Court. Upon further reflection, the Court finds that the entry of default is improper. Instead, upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

## **Background**

On September 7, 2017, Plaintiffs filed a three count complaint (the "Complaint") commencing this adversary proceeding. Count I of the Complaint seeks a declaration quieting title to certain real property in Marion County, Florida (the "Property") and declaring that any claim held by Defendant, which alleges it holds a second mortgage on the Property, as unenforceable. Count II seeks a declaration that Defendant's claim against the Property was extinguished under section 95.11(2)(b) and/or (c), Florida Statutes, Florida's five year statute of limitations. Count III, in the alternative, seeks a declaration that any claim of Defendant is unsecured because the amount owed on the first mortgage exceeds the value of the Property.

Defendant filed a motion to dismiss the Complaint, which the Court granted in part and denied in part by order dated February 1, 2018 (the "Dismissal Order"). The Court dismissed Count II but allowed Counts I and III to stand.

On February 27, 2018, the Court conducted a status conference in this proceeding. At that hearing, Plaintiffs' counsel informed the Court that Defendant had not filed an answer to the

Complaint. Defendant's counsel assured the Court that it would file an answer by the end of the week, which was March 2, 2018.[1]

On February 28, 2018, the Court entered an Order Scheduling Trial for May 30, 2018. Local Bankruptcy Rule 7001-1(l) and Fed. R. Civ. P. 26(a)(3) require a party to file and provide to other parties the name, address, and telephone number of each witness it may call at trial at least 28 days before trial. Paragraph 1 of the Order Scheduling Trial, entitled Pretrial Disclosure, states: "Fed. R. Civ. P. 26(a)(3) governs pretrial disclosure regarding witnesses and use of depositions. Parties shall file and exchange names, telephone numbers, and addresses for witnesses, and any designations of depositions at least 28 days before trial." Defendant did not file a witness list until May 14, 2018, 16 days before trial.

Fed. R. Civ. P. 26(a)(2) deals with the disclosure of expert testimony. Rule 26(a)(2)(A) requires a party to disclose to other parties the identity of any expert witnesses it may use at trial. Rule 26(a)(2)(B) and (C) set forth the requirements for qualifying expert witnesses. Paragraph 3 of the Order Scheduling Trial provides that "[a]s a condition of using expert testimony at trial, parties must comply with Fed. R. Civ. P. 26(a)(2) no later than 28 days before trial." Defendant did not disclose its expert witness until it filed its witness list on May 14, 2018, 16 days before trial. Additionally, Defendant made no effort to qualify the expert witness as required by Rule 26(a)(2).

Local Bankruptcy Rule 7001-1(k)(7) requires that motions for summary judgment be filed no later than 60 days prior to trial. It also states: "The Court may or may not set a hearing on the motion for summary judgment. Absent order of the Court, the trial will proceed as scheduled even if a motion for summary judgment is pending." On April 13, 2018, 47 days

---

[1] Bankruptcy Rule 7012(a) requires that a responsive pleading be filed within 14 days after the denial of a motion to dismiss.

before trial, Defendant filed a Motion for Summary Judgment, which was abated because it did not include negative notice as required by Local Rule 7001-1(k). On April 18, 2018, 42 days before trial, Defendant filed another Motion for Summary Judgment, which included negative notice. The Motion for Summary Judgment relied on the testimony of an expert witness who was not qualified to testify under Rule 26(a)(2).

On May 23, 2018, Defendant filed a Motion to Continue Trial. Therein Defendant indicated that a hearing on the Motion for Summary Judgment prior to the trial would likely resolve the trial despite the indication in Local Rule 7001-1(k)(7) that the court may or may not set a hearing on a motion for summary judgment and that a trial would proceed as scheduled even if a motion for summary judgment was pending. On May 25, 2018, the Court entered Order Denying Motion for Summary Judgment and Order Denying Motion to Continue Trial. On that same day Defendant filed an Emergency Motion to Continue Trial asserting for the first time that its appraiser would not be available to testify at the May 30, 2018 trial "due to unforeseen circumstances related to business operation." On May 29, 2018, the Court entered Order Denying the Emergency Motion to Continue Trial.

As the Court noted, Plaintiffs appeared at the trial along with counsel. A stand-in attorney but no representative or witness appeared on behalf of Defendant. That attorney again requested a continuance of the trial, which the Court denied. As of the commencement of the trial, Defendant had not filed an answer, despite its assurances to the Court at the February 27, 2018 status conference that it would do so by March 2, 2018. At the trial, Plaintiffs proceeded only as to Count III and requested that the Court enter a default based on Defendant's failure to file an answer, which the Court granted. Approximately an hour after the conclusion of the trial Defendant filed an answer.

**Findings of Fact**

Plaintiffs live in an unrecorded subdivision on a 1.5 acre parcel of property upon which sits a 3 bedroom 2 bathroom 1781 square foot house. (Plaintiffs' Ex. 4). Mr. Monahan testified to the following. Since he constructed the home in 2005, there have been no home sales in the neighborhood. The property adjacent to Plaintiffs' Property has a mobile home on it with 3-4 untagged vehicles in the yard and another vehicle in which trash is piled. The property across from Plaintiffs' Property contains a mobile home and is so overgrown that the mobile home is not visible. There is nothing for sale by brokers in the proximity to Plaintiffs' Property, and the closest property for sale is three miles away. Mr. Monahan opines that Plaintiffs' Property is worth no more than $120,000.00.

The first mortgagee on the property, Ditech Financial, LLC, is owed $123,042.86. (Plaintiffs' Ex. 2). Defendant, which holds a second mortgage on the property, is owed $81,539.98. (Plaintiffs' Ex. 3).

**Conclusions of Law**

As the Court noted, Defendant appeared at trial with a substitute attorney, with no witness, and not having filed an answer. But, even if Defendant had timely filed an answer and produced an expert witness, the Court would not have permitted the witness to testify. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendant's failure to timely disclose its expert witness as required by Rule 26(a)(2)(A) and failure to qualify its expert witness as required by Rule 26(a)(2)(B) or (C) are two of numerous failures in this proceeding, are wholly unjustified, and are not harmless.

Additionally, if Defendant had attempted to introduce an appraisal of the property, the Court would have rejected its admission on hearsay grounds. In sum, Defendant did not and, as a result of its failure to comply with the Federal Rules of Civil Procedure, could not have presented evidence of the Property's value at the trial.

Section 506 of the Bankruptcy Code allows the bifurcation of claims into secured and unsecured components. Section 1322(b)(2) of the Bankruptcy Code provides that a Chapter 13 plan cannot modify the rights of holders of secured claims secured only by a security interest in a debtor's principal residence. "[Section] 1322(b)(2) prohibits a Chapter 13 debtor from relying on § 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence[,]" and therefore protects even the unsecured components of a partially secured claim. Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357, 1358-59 (11th Cir. 2000) (quoting Nobelman v. Am. Sav. Bank, 508 U.S. 324, 330-32 (1993)). However, § 1322(b)(2) does not protect a wholly unsecured claim from modification. Id. at 1360. Accordingly, a Chapter 13 debtor can strip off a wholly unsecured lien on his principal residence. The Court finds Mr. Monahan's testimony credible and will value the property at $120,000.00. Because the amount of the first mortgage exceeds the value of the Property, Defendant's mortgage is wholly unsecured and can be stripped off in Plaintiffs' Chapter 13 case. The Court will enter a separate judgment consistent with these Findings of Fact and Conclusions of Law.